UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-2289 |
| v. | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| FOREST PRESERVE DISTRICT OF | ) | |
| COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DERRICK NELSON, by counsel, Moor Law Office, P.C., complaining of the FOREST PRESERVE DISTRICT OF COOK COUNTY ("FPD"), states as follows for his Complaint at Law:

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on sex, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and for relief under state law. The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

### Jurisdiction and Venue

2. Jurisdiction over this case is conferred on the Court by 42 U.S.C. §§ 1331 and 1343, and 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District and the unlawful employment practices alleged herein were committed in the District.

4. On or about January 19, 2021 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), under Charge No. 440-2021-02278. The charge alleged sex discrimination against the FPD. The Charge sought compensatory and injunctive relief. (Exhibit A, Charge).

5. When Plaintiff requested a right to sue letter, the matter was referred to the United Stated Department of Justice Civil Rights Division on August 6, 2021.

6. On February 1, 2022, the United Stated Department of Justice Civil Rights Division ("USDOJ") emailed Plaintiff his Right to Sue Letter. (Exhibit B, Right to Sue Letter).

7. Plaintiff files this civil suit within 90 days of his receipt of the notice from the USDOJ of his Right to Sue Letter.

**Parties**

8. Plaintiff Derrick Nelson ("Plaintiff") currently resides, and at all relevant times alleged herein resided, in the City of Chicago. Plaintiff is an adult bisexual male. Plaintiff at all relevant times was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e) (f), having been employed by Defendant between October 2013 and June 27, 2018 when he was terminated under false pretenses, and between July 9, 2020, when he was reinstated and the present.

9. The FPD is a corporate entity created by state statute, 70 ILCS 810/1 *et seq*, authorized to do business in Illinois, and which does business in this District. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed over 15 people.

**COUNT I – Title VII Sex Discrimination**

10. As of November 28, 2017, and at all relevant times, Plaintiff was employed as the Warehouse Manager at the FPD's Fleet & Maintenance Facility in Maywood, Illinois.

11. Plaintiff is an openly bi-sexual man who is active in the LGBT community. His employer knew that Plaintiff was a bi-sexual man and knew that he was active in the LGBT community.

12. On December 8, 2017 Plaintiff was falsely accused by the FPD of surreptitiously downloading and sharing a video on November 29, 2017 that allegedly showed a FPD employee named Joseph Schmidt "coercing" Samuel Ortiz, another employee, to act out a sexual act on November 28, 2017 as they were clocking out in the presence of David Peretta and Daniel Mahoney.

13. Joseph Schmidt, a non-bisexual and non-gay male, was also falsely accused by the FPD of "coercing" Samuel Ortiz into performing a simulated sexual act on November 28, 2017 and lying to the Office of the Independent Inspector General of Cook County ("OIIG") about whether he had subsequently viewed video of the alleged November 28, 2017 incident.

14. As of November 28, 2017, Joseph Schmidt was employed as a heavy equipment operator at the same facility as Plaintiff. His position was non-managerial and he was and is a member of Local 700 of the International Brotherhood of Teamsters.

15. Both Plaintiff and Schmidt's employment with the FPD was terminated based on false allegations presented by the OIIG at a FPD "pretermination hearing" on June 22, 2018. The OIIG presented evidence from witnesses, its own report, and from memos generated by the Human Resources Department and the Legal Department of the FPD, and recommended termination.

16. Both Plaintiff and Schmidt were terminated on or about June 27, 2018.

17. Samuel Ortiz, a non-bisexual and non-gay male, and one of the persons present at the alleged November 28, 2017 incident, was also alleged to have made materially inconsistent false statements to the OIIG, but was merely suspended for two weeks and was not terminated.

18. David Peretta, a non-bisexual and non-gay male, and one of the persons present at the alleged November 28, 2017 incident, was also alleged to have made materially inconsistent false statements to the OIIG, but was merely suspended for thirty days and was not terminated.

19. Schmidt, a non-bisexual and non-gay male, was terminated for allegedly coercing Samuel Ortiz to perform a simulated sex act, and for allegedly making false statements to the OIIG about whether he had viewed and obtained possession of surveillance video of the area around the time clock that allegedly showed the November 27, 2018 incident.

20. Plaintiff, a bi-sexual male, was fired for allegedly making false statements to the FPD and the OIIG about whether he had said warehouse employees occasionally "act gay" and about whether he had viewed the surveillance video of the November 27, 2018 incident.

21. Plaintiff, who is bi-sexual, had never described anyone at the FPD as "acting gay," would not use such language given his sexual orientation, and had consistently told the FPD and the OIIG that he had viewed the surveillance video on November 29, 2017 after he had heard workers in the breakroom discussing an incident. He consistently reported that he did not believe that the video showed sexual harassment or a sexual act, that he did not show the video to anyone else, and that he did not download or make a copy or permit anyone else to make a copy.

22. Schmidt challenged his termination when Local 700 filed, pursuant to the collective bargaining agreement between the Local and the FPD, a grievance on June 29, 2018, which went to arbitration on February 6, 2019. Schmidt sought reinstatement and damages. On April 12, 2019, the arbitrator found that Schmidt's termination lacked just cause and order Schmidt to be reinstated and made whole.

23. Though the FPD initially challenged the arbitration order in court, in July of 2020 the FPD rehired Schmidt without conditions.

24. In July 2021 the FPD agreed to pay his full backpay of $164,971.28 minus a) his unemployment compensation earnings in 2018 and 2019, b) minus the 8.5% pensionable portion of his back pay, and c) minus applicable statutory withholdings. The FPD also agreed to pay Schmidt $15,160 as compensation for increased rent that he paid resulting from his loss of use of a Watchman's home subsequent to his termination. The agreement allowed Schmidt to make his pension whole, and the payment to pension board allowed him to "bridge" the period he had been terminated so that he has full credit for his pension and is considered by the Pension Board to be a 14 year employee.

25. Though the FPD had hired a replacement for Schmidt, they rehired him to his position anyway creating a new opening for him.

26. As a result of Schmidt's rehiring in July 2020, and the payments agreed to in July 2021, Schmidt was made whole for his unjustified termination.

27. Plaintiff also sought review of his termination on June 29, 2018 from the Cook County Employee Appeals Board. The Employee Appeals Board referred the matter to an Administrative Law Judge, who held hearings on November 28 and 29, 2018. On March 18, 2019, the Administrative Law Judge issued an opinion finding that the allegations against Plaintiff were baseless, and recommending that Plaintiff be reinstated to his position with full back pay. On April 10, 2019, the Employee Appeals Board adopted the Administrative Law Judge's recommendation and ordered the Cook County Forest Preserve to reinstate Plaintiff to his prior position with full back pay. On May 15, 2019, the FPD appealed the order of the Employee Appeals Board to the Circuit Court of Cook County. On February 24, 2020 Circuit Court Judge Anne Loftus sustained the employee appeal board order and ordered Plaintiff reinstated to his prior position. The Circuit Court remanded the "damages" portion of the case back to the EAB.

28. After further appeals to the Appellate Court and litigation in the Circuit Court, Plaintiff was ordered to be rehired into a "comparable position" as the FPD claimed that they had filled his position of Warehouse Manager.

29. Plaintiff returned to work on July 9, 2020 and was not returned to his position as Warehouse Manager.

30. Plaintiff was put in a position, a "special project manager," that designed for an architect and engineer with several years of construction experience, a position he was not qualified for because he was not an engineer, and was not reassigned to his old office but was placed in a rodent infested trailer that had been set aside for demolition.

31. Unlike Schmidt, Plaintiff had to engage in months of further litigation to force the FPD to comply with the Circuit Court's order to place him back in his position as Warehouse Manager, which finally occurred on November 20, 2020 when he resumed his position as Warehouse Manager.

32. Further though Plaintiff had also been awarded full back pay, as Schmidt had, the FPD unreasonably refused to pay 8.5% of his full lost earnings with FPD to the Pension Board, as it did for Schmidt, so that no "bridge" payment was made for Plaintiff and the Pension Board considers him to have been employee for the 1.5 years since his reinstatement instead of the 8 years of service that he has performed.

33. To date, the Plaintiff has still not been made whole, while Joseph Schmidt has.

34. The Plaintiff, at all times prior to November 28, 2017 fully met all job expectations and have never been subject to discipline.

35. Plaintiff, a bi-sexual man, was treated differently by the Forest Preserve District of Cook Count Illinois compared to his heterosexual co-workers, as described above.

36. Plaintiff was subjected to a more extreme disciplinary penalty than heterosexual employees for the same offense arising out of the same occurrence, and has been discriminated against since his reinstatement, as described above, because of his sexual orientation.

37. The FPD has also refused to reinstate Plaintiff as co-chair to a sustainability committee that Plaintiff ran for nearly four years prior to the wrongful termination, all as a result of sexual orientation bias.

38. Plaintiff was the co-author to the Cook County Forest Preserves Sustainability and Resiliency Plan. The FPD has listed Plaintiff on this plan as an "External Adviser" and refuses to fix this to show Plaintiff as an author and as co-chair of the committee, all to harass him because of his sexual orientation.

39. As a proximate result of the FPD's illegal indifference to his federally protected rights, Plaintiff has suffered anxiety, emotional distress, and damage to his reputation, loss of income, losses to his pension, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, DERRICK NELSON, by counsel, respectfully prays that this Court provide the following remedies:

a. Award Plaintiff lost wages, including back pay, front pay, and lost fringe benefits, including, without limitation, any lost benefits with applicable prejudgment and statutory interest;
b. Enjoin Defendant from discriminating against employees on the basis of sexual orientation;
c. Award Plaintiff the costs of litigation, including reasonable attorney's fees, and expert fees and expenses;
d. Award compensatory damages; and
e. Award any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT II – Illinois Whistleblower Act Violation

40. Plaintiff adopts the allegations of paragraphs 1 through 39 above as the allegations of paragraph 1 through 39 of Count II, as if fully set forth herein.

41. At the pretermination hearing held on June 22, 2018, which was attended by the FPD's Chief Legal Counsel, Dennis White, by Daniel Tiernan, the OIIG investigator, and by John Regalado, the FPD's Director of Facilities and Fleet, the Plaintiff a) testified that Dennis White made fabricated statements in the investigation of the November 28, 2017 incident which White reported to the OIIG; b) testified that he was lied to by Dennis White and Michelle Gage, the FPD's Human Resources director in the investigation of the November 28, 2017 incident; and c) testified that Dennis White and Michelle Gage lied about the contents of a phone call in the investigation of the November 28, 2017 incident which they reported to the OIIG.

42. During the hearing held November 28 and 29, 2018 before the Administrative Law Judge, the Plaintiff argued and testified that the evidence submitted at the pretermination hearing by the OIIG and FPD was false.

43. In the litigation after the Cook County EAB ordered that the ALJ's recommendation be adopted and the Plaintiff be reinstated with full back pay, Plaintiff has consistently represented to the Court in *Derrick Nelson v. Forest Preserve District of Cook County and Employee Appeals Board*, 19 CH 6031 pending in the Circuit Court of Cook County, Chancery Division, that the findings of the OIIG and FPD relative to the November 28, 20178 incident were false.

44. Plaintiff's reports of false statements made by the Chief Legal Counsel of the FPD, Plaintiff's reports of false statements made by the Human Resources Director of the FPD, and Plaintiff's reports of false statements made by the OIIG in court and in administrative hearings, as

8

alleged above were disclosures of information within the meaning of the Illinois Whistleblower Act, 740 ILCS 174/15(a).

45. In retaliation for consistently complaining about the false evidence that the OIIG and FPD presented to secure his wrongful termination, the FPD has continually refused to comply with various court orders and directives. The FPD has failed and continues to refuse to restore his full pension, awarding him $929 for the period of June 27, 2018 through July 8, 2020 instead of the more than $14,000 that he was entitled to, causing Plaintiff to lose money and seniority in the pension fund.

46. The retaliation that the Defendant is engaging in is a continuing tort. The continuing retaliatory acts of the FPD in failing to make Plaintiff's pension whole after his disclosure of public wrongdoing is a violation of 740 ILCS 174/20.1 and 740 ILCS 174/15.

47. As a proximate result of the FPD's illegal indifference to his state law rights, Plaintiff has suffered anxiety, emotional distress, and damage to his reputation, loss of income, losses to his pension, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, DERRICK NELSON, by counsel, respectfully prays that this Court provide the following remedies:

    a. Award Plaintiff his full pension;
    b. Award Plaintiff other compensatory damages;
    c. Award Plaintiff the costs of litigation, including reasonable attorney's fees, and expert fees and expenses; and
    d. Award any other relief that this Court deems just.

Plaintiff demands trial by jury.

    /s/ Edward R. Moor
    Attorney for Plaintiff

MOOR LAW OFFICE, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net

Received by EEOC Chicago District Office February 8, 2021

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to:<br>___ FEPA<br>_X_ EEOC | Agency(ies) Charge No(s):<br>440-2021-02278 |
|---|---|---|

IDHR and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Mr. Derrick Nelson | Home Phone (Incl. Area Code)<br>(708)-843-3433 | Date of Birth<br>8-1-1986 |
|---|---|---|

Street Address: 12763 Mayfair Drive, Lemont, Illinois 60439

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Forest Preserve District of Cook County | No. Employees, Members<br>More than 100 | Phone No. (Include Area Code)<br>800-870-3666 |
|---|---|---|

Street Address: 536 N Harlem Ave. River Forest, IL 60305

DISCRIMINATION BASED ON (Check appropriate box(es).)

__ RACE __ COLOR _X_ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION __ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-8-17   Latest: Ongoing

_X_ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

1. **Discrimination/Harassment Based on Sex:** Derrick Nelson is a bi-sexual man who has been treated differently by the Forest Preserve District of Cook Count Illinois compared to his heterosexual coworkers, including in promotions. Nelson was subjected to harassment because of his sexual orientation and was terminated for allegedly lying to an Investigator from the Cook County Office of the Independent Inspector General. His termination was pretextual and was not based on the merits. Nelson was subjected to a more extreme disciplinary penalty than heterosexual employees for the same offense arising out of the same occurrence. Further, after Nelson and another heterosexual employee both proved they were innocent through administrative review of their terminations, the Forest Preserve District rehired the heterosexual employee to the same job he had prior to his wrongful termination, provided back pay, and many other pecuniary benefits, but refused to rehire Nelson to his prior position. The Forest Preserve District then defied Court orders to reinstate Nelson because of his sexual orientation. When they finally did reinstate Nelson, they placed him in a worse position than his previous role as Warehouse manager and instead of returning him to his prior office they placed him in a dilapidated, racoon infested trailer with a poor functioning heating and air conditioning system, and no bathroom or running water to use as a workspace. He was also exposed to loud machinery noises and noxious fumes due to the location of his trailer. The Forest Preserve District defied court orders for a second time after they were ordered to reinstate Nelson to his position as Warehouse Manager, making Nelson wait several more Weeks until the court threatened the District with sanctions for every day they did not comply with the order, solely to punish Nelson because of his sexual orientation. The Forest Preserve District also refuses to reinstate him as co-chair to his sustainability committee that he ran for nearly 4 years prior to the wrongful termination, all as a result of sexual orientation bias. Nelson was the co-author to the Cook County Forest Preserves Sustainability and Resiliency Plan. The Forest Preserve has listed Nelson on this plan as an "External Adviser" and refuses to fix this to show him as an author and the co-chair of this committee all to harass him because of his sexual orientation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>BRIAN STRANDQUIST<br>Official Seal<br>Notary Public - State of Illinois<br>My Commission Expires Feb 7, 2024 |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>1-19-2021<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>January 19, 2021 |

EXHIBIT A

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

February 01, 2022

Mr. Derrick Nelson
c/o Edward Moor, Esquire
Moor Law Office
53 W. Jackson Blvd.
Suite 1527
Chicago, IL  60604

Re:  EEOC Charge Against Forest Preserve District of Cook County
      No. 440202102278

Dear Mr. Nelson:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                     by      /s/ Karen L. Ferguson
                              Karen L. Ferguson
                              Supervisory Civil Rights Analyst
                              Employment Litigation Section

cc: Chicago District Office, EEOC
    Forest Preserve District of Cook County



**EXHIBIT B**